**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CEVA LOGISTICS,

        Plaintiff,

vs.                             Case No.  3:13-cv-1261-J-34JBT

NATIONAL DISTRIBUTORS, INC.,

        Defendant.

_____

<u>**ORDER**</u>

    **THIS CAUSE** is before the Court on Defendant's Motion for Summary Judgment and Incorporated Statement of Material Facts (Doc. No. 40; Motion) filed on August 11, 2014. In support of the Motion, Defendant National Distributors, Inc. filed the Affidavit of Jeff Kaps in Support of Defendant's Motion for Summary Judgment (Doc. No. 41-1; Kaps Aff.), Defendant's Request of Admissions to Plaintiff (Doc. No. 41-2; Request for Admissions), and Plaintiff's Response to Request for Admissions (Doc. No. 41-3; Admissions).  On September 22, 2014, Plaintiff CEVA Logistics filed Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment with Supporting Exhibits (Doc. No. 46; Response).  Plaintiff opposes Defendant's Motion, and in support of its opposition, has submitted the affidavits and depositions of Jeanne Lynne Clark and Bobby Tipton, <u>see</u> Exhibit A to Response, Affidavit of Jeanne Lynne Clark in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 47-2; Clark Aff.); Exhibit B to Response, Affidavit of Bobby Tipton in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 47-1; Tipton Aff.); Deposition of Jean [sic] Lynne Clark (Doc. No. 47-4; Clark Dep.); Deposition of Bobby Tipton (Doc. No. 47-

3; Tipton Dep.), as well as the Depositions of Jeffery Kaps (Doc. No. 47-5; Kaps Dep.), and Troy Michael Kays (Doc. No. 47-6; Kays Dep.).  With the Court's leave, in October 17, 2014, Defendant filed Defendant National Distributors, Inc.'s Reply Memorandum in Support of its Motion for Summary Judgment (Doc. No. 52; Reply).  The Motion is fully briefed and ripe for judicial review.

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c)(1)(A).[1]  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).  "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment."  Kesinger ex rel.

_____

[1] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Rule 56 advisory committee's note 2010 Amendments.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial.  See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (internal citations and quotation marks omitted).  Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.  In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

In this action, pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, Plaintiff seeks to recover the value of thirteen combustion engines it alleges Defendant damaged while providing transportation services.  See generally Amended Complaint under Carmack Amendment and for Breach of Contract (Doc. No. 6; Amended Complaint).  In Defendant's Motion, Defendant argues that the Court should enter summary judgment in its favor because Plaintiff failed to file a proper written notice of its loss

or damage within nine months of the date of delivery of the engines as required by 49 C.F.R. § 370.3.  <u>See generally</u> Motion.  However, upon review of the evidence submitted and the applicable authority, the Court finds that there are genuine issues of material fact that preclude the entry of summary judgment as to this issue.  Therefore, the Motion is due to be denied.

Accordingly, it is **ORDERED**:

Defendant's Motion for Summary Judgment and Incorporated Statement of Material Facts (Doc. No. 40) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of January, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc16

Copies to:

Counsel of Record

-4-